LOTTINGER, Judge.
In this proceeding the Louisiana Board of Pharmacy seeks .to enjoin defendant from filling prescriptions and operating a pharmacy in the State of Louisiana without having a permit from the Board and without having on duty a pharmacist registered 'by the Board. The petition alleges that defendant had throughout 1949 and up to the time the- suit was filed, operated a pharmacy in Opelousa? under the trade name “Service Drug Store” without having a permit from the Board, in violation of Subsection 9 of Section 1 of Act 469 of 1948, LSA-R.S. 37:1184, and without having a registered pharmacist on duty, in violation of Subsection 7, Section 1 of the Act, LSA-R.S. 37:1185;. that defendant has been filling prescriptions himself although he has not been licensed as a pharmacist by the Board; and that petitioner and. the .people of Louisiana are suffering irreparable injury as a result of defendant’s acts.
The defendant was by rule ordered to show cause on February 15, 1950, why a preliminary injunction should - not issue; but the hearing of the rule was passed and the case was heard on the merits on May 12, 1950. In due course the trial judge rendered judgment granting the relief prayed for, enjoining defendant from operating a pharmacy without-a permit from'the Board, from operating a pharmacy without having on duty at all times a pharmacist registered • in this state, and .from filling prescriptions of drugs and medicines.
• In his answer defendant had admitted that he was operating a drug store, that he was serving as pharmacist in the store, and that he had no license from the Louisiana Board of ’Pharmacy. He then set up that he has at all times since January 27, 1942, been qualified under the laws of the State of Massachusetts to engage in the practice of the profession of pharmacy; that he successfully prosecuted a course Of study at the Monteith Boston School of 'Pharmacy, at Boston, and that after graduating there passed the examination conducted by the State of Massachusetts' on January 27, 1942, and was issued a certificate as a qualified pharmacist' in ’the state, which • certificate - has been regularly renewed and is now in effect. The answer further. alleged that the Louisiana Board of Pharmacy has at all times had discretion to register defendant as a pharmacist; that he has always been willing to produce .evidence, that he had the *656 secondary ■ and professional education arid all other qualifications required by the Louisiana law;' that he is entitled to have his Massachusetts certificate recognized under a system of reciprocity authorized 'by the Louisiana law and under the full faith and credit clause of the federal constitution; but that the Board has-not conducted a hearing as to his qualifications and has arbitrarily and capriciously refused to grant him a' certificate. In the alternative it is claimed that the Act under which the Board of Pharmacy operates, Act 469 of 1948, is unconstitutional in that (a) the act is broader that its title, (b) it deprives defendant of property without due process of law, and (c) it denies equal protection to all persons including defendant.
The trial of the case brought out that defendant is now (or was at the time of the trial) 40 years of age, that he has lived for many years in Opelousas, and prior to 1942 worked at various times in most of the drug stores there. Some time (approximately 3 years) before 1942 he began a correspondence course in pharmacy from the Monteith Boston School of Pharmacy which in due time he completed successfully. In January, 1942, he spent about two weeks in Boston, completed his course, and was graduated from the school. At that time he took an examination conducted by the Massachusetts Board of Pharmacy, and he was one of eleven out of sixty-five taking the examination who successfully passed it. He was then granted a certificate by the Massachusetts Board of Pharmacy, entitling him to practice pharmacy in that state; and the certificate has through the intervening years been regularly renewed. For some time prior to 1942, defendant had been operating a drug store in Opelousas, employing a pharmacist who was licensed by the Louisiana Board of Pharmacy. At some time later in 1942, the date not being established, Smith assumed personally the duties of pharmacist in his store. Also in 1942, he applied to the Louisiana Board of Pharmacy for a permit to maintain his store and a license to practice as a pharmacist. What action the Board took is not disclosed by the record except that Smith was not registered as a pharmacist. However, the Board apparently made no effort then to stop Smith’s operations; and he continued to operate his store, apparently with the full knowledge of the Board and without any complaint until some time in 1949. The evidence shows that he .has had substantial success in the operation of his store, that he was respected as a man and as a druggist by the people of his community and by the doctors there, and that he has maintained his store and the .prescription department in good condition with adequate equipment and stock. Various inspectors of the Board had inspected the store at different times with no adverse findings other than that Smith was not a registered pharmacist in Louisiana and did not have a Louisiana Certificate.
This, case arises under Act 469 of 1948, the Louisana Pharmacy Law (now in LSA-R.S. 37:1171-1205) which has developed from the state’s original pharmacy law, Act 66 of 1888. The pertinent provisions are as follows:
“Qualifications for Registration. Every applicant for examination and registration as a pharmacist shall be not less than twenty-one (21) years of age, of good moral character and temperate habits, a graduate of a school or college of pharmacy or department of a university accredited by the American Council on Pharmaceutical Education arid recognized and approved by the Louisiana Board of Pharmacy, and shall file proof satisfactory to the Board, substantiated by proper affidavits, of a minimum of one year of experience in a pharmacy, under the supervision of a Registered Pharmacist, and shall pass an examination by the Louisiana Board of Pharmacy; * * *.
* * * * * *
“Provided, Further, that the Board of Pharmacy may in its discretion register as a pharmacist, without examination, any person who is duly registered by examination in some other state, provided that the said person shall produce evidence satisfactory to the Board of having had the required *657 secondary and professional education and training, and is possessed of good character and morals, as demanded of applicants for registration under the provisions of the Pharmacy Act of this State; provided, that persons of good character and morals who have become registered as pharmacists by examination in other states prior to the time this Act becomes in force shall be required to satisfy only the requirements which existed in this State at the time they became registered in such other states, and provided also, that the state in which said person is registered shall under like conditions, grant reciprocal registration as pharmacists, without examination', to pharmacists duly registered * * * in this State. * * * ” Section 1, Subsection 4. (Darts, Sec. 9640.9)
“Compounding and Filling of Prescriptions Limited. In every place defined in this Act as a ‘Pharmacy’ there must be a Registered Pharmacist on duty at all times; and the filling, compounding and dispensing of prescriptions shall be limited to Registered Pharmacists and ‘Qualified Assistants.’ * * * ” Section 1, Subsection 7. (Darts, Sec. 9640.12)
“Permits. No person shall operate, maintain, open or establish any pharmacy within this State, without first having obtained a permit to do so, from the Louisiana Board of Pharmacy.” Section 1, Subsection 9. (Darts, Sec. 9640.14)
“Relief by Injunction. The State Board of Pharmacy, created under the provisions of this Act, may, in its discretion, apply to a Court having competent jurisdiction over the parties and subject matter, for a writ of injunction to restrain violations of the provisions of this act, and said injunction shall not be subject to being released upon bond.” Section 1, Subsection 16. (Darts, Sec. 9640.21)
It is noted that under one part of subsection 4 quoted above, the Board may in its discretion register a person, without examination, who is duly registered by examination in some other state if certain conditions are met, one being that the person “shall produce evidence satisfactory to the Board of having had the required secondary and professional education and training”; and under the next part of that subsection it is provided that person's who have become registered by examination in other states prior to the effective' date of the 1948 act need satisfy only the requirements that existed in Louisiana at the time they became registered in the other state. In 1942, when defendant became registered in Massachusetts the requirements-'1 of the Louisiana law that are pertinent here we're found in Act 66 of 1888, as amended through Act 297 of 1940, as follows:
“ * * * every applicant for examination and registration as a pharmacist shall be not less than twenty-one (21) years of age, of good moral character and temperate habits, a graduate of an accredited school or college of pharmacy or department of pharmacy of a wiiversity recognized by the Board of Pharmacy, and shall file a transcript of his collegiate studies, * * *; and shall pass an examination by the Board of Pharmacy. * * *
“ * * * every applicant for exam-
“Provided further, that the Board of Pharmacy may in its discretion register as a pharmacist, without examination, any person who is duly registered by examination in some other state, provided that the said person shall produce evidence satisfactory to the Board of having had the required secondary amd professional education and training, and is possessed of good character and morals, as demanded of applicants for registration under- the provisions of the pharmacy act of this state; ‡ Jj< * tt
A brief review of the development of the Louisiana Pharmacy Act might be helpful here. There has never been any doubt that the Legislature has power to regulate the practice of pharmacy because of its vital importance to the health and safety of the public. Citation of authorities to this effect would be superfluous. *658 The first law adopted in this state to regulate the practice of pharmacy was Act 66 of 1888. Section 2 of that act established the qualifications for registration; and needless to say they were considerably less rigid than the present qualifications. That section was amended by Act 144 of 1902, Act 165 of 1914, and then by Act 223 of 1924. The 1924 amendment provided in substance that a person having four years of practical experience in compounding prescriptions, under the supervision of a licensed pharmacist, could, after passing an examination given by the Board, obtain a license as a pharmacist, but that after December 31, 1927 (or after approximately four years) each applicant must possess “a diploma from a reputable college, school or department of pharmacy, the status of the institution to be adjudged and approved by the State Board of Pharmacy * * ”, in addition to passing an examination and possessing certain other specified qualifications. The same provisions were contained in Act 304 of 1926; and corresponding provisions, with variations in the wording, have been in each subsequent act, requiring graduation from a college, school or department of pharmacy as a prerequisite to obtaining a license. This act had the effect of giving blanket approval to all pharmacists licensed prior to January 1, 1928, whether or not they had college education; but for all applicants coming after that date a diploma from a pharmacy school was required.
The position of defendant is that he graduated from a recognized school of pharmacy and passed the qualifying examination given by the State of Massachusetts, and that his license from that state should be recognized and honored by the State of Lotiisiana under the principle of reciprocity and/or under the full faith and ■credit clause of the constitution, and that refusal of the Board to honor his Massachusetts license was an abuse of the discretion granted by law to the Board. .
In the second place defendant contends that by application of the doctrine of contemporaneous construction, the present Board is bound by the construction placed '.by the former Board on the statute and now cannot interfere with defendant’s operations. And third, and in the alternative, defendant contends that the pharmacy act is unconstitutional. These three defenses will be discussed in the order referred to above.
Acts 469 of 1948 and 297 of 1940 must be read together in order to determine the requirements for reciprocal registration being granted to Smith. The 1948 act says the Board may in its discretion grant reciprocal registration, without examination to one duly registered by examination in another state, provided he produces evidence of having had the secondary and professional education and training required by law at the time of his registration in the other state, and provided the other state grants reciprocal registration to persons from Louisiana under like conditions. The evidence shows that Massachusetts does provide for reciprocal registration, so that provision is met. However, Act 297 of 1940, which was the Louisiana law in force at the time defendant was registered in Massachusetts in 1942 and which fixes the qualifications to be,. met before the defendant can be entitled to reciprocal registration, requires that every applicant be “a graduate of an accredited school or college of pharmacy or department of pharmacy * * * recognized by the Board of Pharmacy”. By the term “accredited school” we consider that the Legislature means schools placed on an accredited or approved list by sortie national rating group or association. Until the applicant for reciprocal registration has shown that the school from which he graduated is an “accredited school” there is no discretionary power in the Board to register him. Not every person who is registered in another state is entitled to reciprocal registration here; that privilege is available, and then only in the discretion of the Board, only to those who meet the qualifications fixed by the iaw in force in Louisiana at the time of the person’s registration in the other state. There is nothing in the record in this case, nor does it appear that defendant ever produced evidence to the Board to show that the school from which he graduated is *659 of ever was an “accredited school”. Hence the Board was not in position to use any discretion with reference to granting reciprocal registration.
Defendant’s contention that his Massachusetts license is entitled to recognition in Louisiana by virtue of the full faith and credit clause of the Constitution is not strongly urged and is without merit. That clause by its terms applies to “Public Acts, Records and Judicial Proceedings”. Art. 4, § 1. It cannot be extended so as to cover a license to practice a profession. See 12 Am.Jur., Constitutional Law, Sec. 702, et seq.
■ Likewise the doctrine of contemporaneous construction has no application here. There is nothing in the record to indicate that the Board ever construed the pertinent provisions of the pharmacy act as meaning that defendant was entitled to a permit in Louisiana merely because he was licensed in Massachusetts. The Board never granted him' a permit. The most that can be said is that for several years the Board did not take any action against defendant or interfere in his operations; but this does not amount to an official interpretation or construction of the act.
The alternative defense, unconstitutionality of the act, has three alleged grounds. The attacks based on the due process and' equal protection clauses have not been urged here and can be considered abandoned. The other contention is that the act is broader than its title in that the act by indirection amends the injunction statute, Act 29 of 1924, Sec. 5, LSA-R.S. 13:4070, while the title of the act makes no reference to an intent to effect such amendment. The injunction statute grants the court discretion in allowing or disallowing a suspensive appeal from the grant of an injunction; the pharmacy act provides that where an injunction is granted to enjoin violations of the act the injunction shall not be released upon bond. This attack is answered we believe by the Supreme Court in Succession of Pipitone, 204 La. 391, IS So.2d 801, 804, where it is said that the Constitution, Art. Ill, Sec. 16, “does not require that every change which an act of the Legislature may effect in other laws on the subject shall be expressed in detail in the title of the new act. It requires merely that the title of the act shall be appropriate to the subject dealt with in the act itself, and shall not be misleading as to any purpose intended to be accomplished by the act”. See also City of New Orleans v. Board of Supervisors, 216 La. 116, 43 So.2d 237, 243, where that rule is. quoted and followed. The title to the pharmacy act is voluminous and in considerable detail. Part of it states that it is an act “ * * * to provide for the enforcement of this Act by civil process through injunctions; to prevent the practice of pharmacy by unauthorized persons * * *.” The title we believe meets the requirements of the Constitution.
It is regrettable that occasionally a law passed for the public welfare and protection works a hardship on some individual. That seems to be the case here. However, defendant has been subjected to only the same requirements that have affected every other applicant for a pharmacy permit since January 1, 1928.
The judgment of the lower court is hereby affirmed.