

# The Attorney General of Texas

September 19, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

President Duane M. Leach
Texas A & I University
Kingsville, Texas 78363

Opinion No. H- 1245

Re: Authority of Texas State Board of Examiners of Psychologists to require that applicants for certification have taken coursework from faculty members who are Board-certified psychologists.

Dear President Leach:

You inform us that the Texas State Board of Examiners of Psychologists, which administers the Psychologist's Certification and Licensing Act, article 4512c, V.T.C.S., has issued a rule requiring applicants for certification to take coursework from professors who are Board-certified psychologists. General Ruling 400.02.00.010. The rule affects applicants for qualification as "sub-doctoral personnel," who must have a master's degree. V.T.C.S. art. 4512c, § 19. After certification, these persons use titles such as psychological assistant or psychological technician. Id. If the applicant's coursework does not comply with the Board's rule, he is ineligible to take the certification examination. You ask whether the Board may require that professors of psychology at state colleges and universities be certified in order to teach in the program which prepares students for Board-administered certification examinations.

Article 4512c, V.T.C.S., prohibits anyone from representing himself to be a psychologist within the state unless he is certified or licensed by the Board or exempted by the statute. Sec. 25. We determined in Attorney General Opinion H-879 (1976) that the employees of state colleges and universities were exempted by section 22(a) from any licensing requirement imposed by the Act. The Board has submitted a brief stating that it does not require any university faculty member to be certified or licensed as a psychologist, and that it does not have statutory authority to promulgate such a requirement. It asserts, however, that the rule merely establishes a standard for the qualification of sub-doctoral personnel as authorized by section 19 of article 4512c.

Although section 19 of article 4512c authorizes the Board to set standards for qualification of such personnel, it also states that they must have a master's degree in a program primarily psychological in nature from "an accredited university or college." Accreditation is done by a private professional or educational body, not by the Board. See Ex parte State Board of Law Examiners of Florida, 193 So. 753 (Fla. 1940) (law school); Louisiana Board of Pharmacy v. Smith, 65 So.2d 654 (La. Ct. of App. 1953), aff'd, 76 So.2d 722 (La. 1954) (college of pharmacy). We believe the Legislature chose to rely on the judgment of the accrediting body as to the qualifications of faculty members and did not authorize the Board to reject degrees from accredited institutions on the ground that faculty members were not Board-certified.

In contrast, section 21, which provides for the licensing of a person who offers psychological services for compensation, requires that

> (2) he has had at least two year's experience in the field of psychological services, at least ... one year of which was under the supervision of a psychologist licensed under the provisions of this Act.

When the Legislature intended the applicant's preparation to include work with a Board-qualified psychologist, it said so expressly. We believe, therefore, the Board's rule constitutes the imposition on subdoctoral personnel of a requirement not contemplated by the statute. Cf. Bloom v. Texas State Board of Examiners of Psychologists, 492 S.W.2d 460 (Tex. 1973) (Board may not impose additional requirements for applicant under the grandfather clause).

## SUMMARY

The Texas State Board of Examiners of Psychologists may not require that applicants for certification as subdoctoral personnel have taken coursework from Board-certified psychologists.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

President Duane M. Leach   -   Page 3 (H-1245)


C. ROBERT HEATH, Chairman
Opinion Committee

jsn